UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

CAROLYN WALKER,
    Plaintiff,

2004 MAR 19 P 6: 09

v.

Civil Action No. 3:03CV113 (CFD)

ROBERT BURNETT, CUMBERLAND
FARMS, INC., AND ASSOCIATED
LEASING, INC.
    Defendants.

## ORDER

Pending is the Plaintiff's Motion to Remand Civil Action to Connecticut Superior Court

for Lack of Subject Matter Jurisdiction [Doc. # 8]. After considering the parties' briefs regarding

the plaintiff's motion and the defendants' response to the Court's December 8, 2003 Order to

Show Cause, the Motion to Remand is DENIED.

The Court finds, after reviewing the parties' papers and the state court record at the time

of removal, that there is complete diversity between the plaintiff and all the defendants within the

meaning of 28 U.S.C. § 1332. The original notice of removal properly alleges that the plaintiff is

a citizen of Connecticut and that the defendant Cumberland Farms, Inc. is a citizen of Delaware

and Massachusetts.[1] In its response to the Order to Show Cause, the defendants sufficiently

allege that defendant Associated Leasing, Inc. is a citizen of Indiana and California and that

---

[1]The original notice alleges that Cumberland Farms, Inc. is "organized and existing under the laws of the State of Delaware" and has its "principal place of business in the Commonwealth of Massachusetts." A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c); Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290-92 (4th Cir. 1999); Bel-Bel Int' Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1106-07 (11th Cir. 1998).

defendant Robert Burnett is a citizen of New York.[2]

Moreover, the Court is satisfied that the defendants have met their burden of demonstrating that the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied. The plaintiff's claim for damages include ongoing medical procedures and treatments, some degree of permanent impairment and permanent pain, as well as pain and suffering. Based on these alleged damages, it does not "appear to a legal certainty" that the plaintiff could not recover in excess of $75,000. See Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"); Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 397 (3d Cir. 2004) ("The [U.S. Supreme] Court stated [in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)] that the rule for determining whether the case involves the requisite amount as [sic] whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover [the jurisdictional amount].").

Thus, as the defendant has demonstrated complete diversity between the parties and an

_____

[2]The defendants' response to the court's Order to Show Cause [Doc. # 13] states that "Defendant Robert Burnett's residence is listed on the plaintiff's writ as New York. In addition, every listing in his employment file with Cumberland Farms indicates that his residence is New York." While it is generally true that "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity," Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir.1972), here the defendants have done more than simply allege Burnett's "mere residence." They have also indicated that there is no other state of residence listed in Burnett's employment file. Citizenship, for purposes of 28 U.S.C. § 1332, is determined by domicile, which is the one "place where [an individual] has his true, fixed, permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Erwin Chemerinsky, Federal Jurisdiction, § 5.3 (4th ed. 2003) (quoting Charles Alan Wright, Law of Federal Courts 146 (5th ed. 1994)) (internal quotation marks omitted). Thus, while residency alone does not establish citizenship (and a person may have more than one residence), residency is a necessary element of domicile. As the defendants have indicated that Burnett does not have more than one residency, they have sufficiently alleged that he is a citizen of New York for purposes of invoking this Court's diversity jurisdiction.

amount in controversy in excess of $75,000, the Motion to Remand is DENIED.

SO ORDERED this 11th day of March 2004, at Hartford, Connecticut.


_____
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE